IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA                                         PLAINTIFF

V.                                         CIVIL ACTION NO. 3:11CV0037-B-A

ALICE PENELOPE SANFORD
AND CHARLES K. HAMER                                             DEFENDANTS

**MEMORANDUM OPINION**

Presently before the court is the United States of America's Amended Motion for

Summary Judgment[1] and the defendant Charles K. Hamer's Motion for Summary Judgment.

Upon due consideration of the motions, responses, exhibits, and supporting and opposing

authority, the court is ready to rule.

Factual and Procedural Background

Defendant Alice Penelope Sanford (now Fikes) was the sole proprietor of Mississippi

Majolica R and Penny Sanford Porcelains located in Kilmichael, Montgomery County,

Mississippi.  It is uncontested that Sanford did not pay all of her business's employment tax

liabilities for various tax periods in years 1999 through 2008.  The Internal Revenue Service

(IRS) made assessments against Sanford for unpaid federal employment (Form 941) tax

liabilities from 2000 to 2008 and unpaid federal unemployment (Form 940) tax liabilities for the

years 1999, 2001 through 2006, and 2008.  The IRS issued notice of these assessments and made

demand for payment.

---

[1]The United States amended its original Motion for Summary Judgment solely to substitute the
Declaration of Brad D. Wilkinson with the Amended Declaration of Brad D. Wilkinson.  Wilkinson's
original declaration incorrectly states that the subject property was acquired by virtue of a number of
deeds executed on certain dates, including November 6, 1980.  In fact, it is only the deed executed on
November 6, 1980, that is applicable to the subject property.

Despite notice and demand, Sanford has failed to pay the amount of the assessments in full. After abatements, payments, and credits, she remains indebted to the United States for unpaid employment taxes, penalties, and interest in the amount of $57,435.07 as of April 15, 2012, plus statutory additions accruing from and after that date until paid. She also remains indebted to the United States for unpaid unemployment taxes, penalties, and interest in the amount of $9,172.24 as of April 15, 2012, plus statutory additions accruing from and after that date until paid.

On a number of dates ranging from March 4, 2008, through April 20, 2011, the Government recorded various Notices of Federal Tax Liens concerning Sanford's Form 940 and Form 941 tax liability in the public records of Montgomery County, Mississippi. The Government brought this action on March 15, 2011, pursuant to 26 U.S.C. §§ 7401 and 7403, to reduce to judgment Sanford's outstanding tax liabilities and to foreclose its federal tax liens and sell certain real property in Montgomery County in which Sanford has an interest. This real property consists of four parcels of land. The deed to the property was executed on November 6, 1980, whereby the defendant Charles Hamer, Sanford's uncle, and Sanford's mother, Alice Elizabeth Hamer-Sanford, now deceased, acquired ownership as tenants in common. The deed is recorded in the Montgomery County Land Deed Record Book, Deed Book A53 at page 161. The property is described as follows:

    a.      Parcel 1192900000000000400: SW 1/4 of SE 1/4 and SW 1/4 (200 acres).

    b.      Parcel 1193000000000000100: NW 1/4 of SE 1/4; SW 1/4 of SE 1/4; E 1/2 of SE 1/4; N 1/2 of NE 1/4 of NE 1/4; PT of W 1/2 of NE 1/2 (200.40 acres).

    c.      Parcel 1193200000000000100: N 1/2 of NE 1/4; N 1/2 of NW 1/4 LESS 3 AC (157 acres).

d.      Parcel 1192900000000000310:  Pt of NW 1/4 West of Red Creek (90 acres).[2]

Charles Hamer and Alice Elizabeth Hamer-Sanford each had an undivided fee simple interest

without rights of survivorship to the above-described parcels.  Alice Elizabeth Hamer-Sanford

died on January 5, 2009, and no probate proceedings have been established.

Charles Hamer filed a motion for summary judgment asserting that the Government is

seeking no relief against him because it has no outstanding tax assessment against him and that it

has no right to seek to place a lien upon property which is partly owned by him.  The

Government has likewise filed a motion for summary judgment asserting that it is entitled to

foreclose its tax liens against Sanford by foreclosing on her inherited interest and forcing the sale

of the subject property.

## Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law."  Fed. R. Civ. P. 56(c).  On a motion for summary judgment, the movant has the initial

burden of showing the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477

U.S. 317, 325 (1986).  If the movant makes such a showing, the burden then shifts to the non-

movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to

interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine

issue for trial.'"  *Id.* at 324 (quoting Fed. R. Civ. P. 56(c), (e)).  Before finding that no genuine

---

[2]A complete description of each parcel is contained in the November 6, 1980 quitclaim deed as well as the Abstractor's Preliminary Report of Title both attached to the Amended Declaration of Brad D. Wilkinson.

issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[T]he issue of fact must be 'genuine.' When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). Further, self-serving "affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment." *Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997).

The court must render summary judgment in favor of the moving party if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 135 (2000). The Supreme Court has cautioned, however, that the ruling court must not encroach upon the functions of the jury. The Court stated in *Reeves* as follows:

> [T]he court must review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party, but making no credibility determinations or weighing any evidence. The latter functions, along with the drawing of legitimate inferences from the facts, are for the jury, not the court. Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe.

*Id.* (citations omitted). "Summary judgment, although a useful device, must be employed cautiously because it is a final adjudication on the merits." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989).

<u>Analysis</u>

*Tax Liability*

The Government has provided evidence of Sanford's tax liabilities in the form of, among other things, Form 4340 Certificates of Assessments, Payments, and Other Specified Matters attached to its motion for summary judgment. "A [Form 4340] Certificate of Assessment and Payment . . . has been held to be presumptive proof of a valid assessment . . . ." *United States v. McCallum*, 970 F.2d 66, 71 (5th Cir. 1992). Not only does "IRS Form 4340 constitute[] valid evidence of a taxpayer's assessed liabilities [but also] the IRS's notice thereof." *Perez v. United States*, 312 F.3d 191, 195 (5th Cir. 2002).

As the assessments presented are presumptively correct, the defendant now "must shoulder the burden of proving that the tax assessment was improper." *Affiliated Foods, Inc. v. C.I.R.*, 154 F.3d 527, 530 (5th Cir. 1998). To satisfy the burden, the taxpayer must "prove by a preponderance of the evidence that the Commissioner's determination was erroneous." *United States v. Lochamy*, 724 F.2d 494, 497-98 (5th Cir. 1984).

The defendant has offered no evidence to counter the presumption of correctness. She has failed to direct the court to any evidence that the tax assessments were made in error, and she did not dispute the tax assessments administratively with the IRS. The Government's proof remains uncontroverted. The court therefore finds as a matter of law that Sanford's tax liability as set forth by the Government in Counts I and II of the Complaint and presented to the court in the form of the aforementioned Certificates of Assessments, Payments, and Other Specified Matters is correct. The Government is entitled to summary judgment as to Sanford's tax liability.

*Tax Liens, Property Interest, and Foreclosure*

A federal tax lien arises under 26 U.S.C. § 6321 when demand is made for a federal tax owed and a taxpayer neglects or refuses to pay. *Harris v. United States*, 764 F.2d 1126, 1128 (5th Cir. 1985); 26 U.S.C. § 6321. "[T]he amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321.

The Government has provided evidence of Sanford's interest in the subject Montgomery County property in the form of the November 6, 1980 deed, whereby the defendant Charles Hamer and Sanford's mother, Alice Elizabeth Hamer-Sanford, acquired ownership as tenants in common. The Government has also attached Alice Elizabeth Hamer-Sanford's death certificate. The Government has submitted evidence of federal liens on this property for defendant Sanford's unpaid taxes in the form of a number of Notices of Federal Tax Liens filed against her and recorded in the public records of Montgomery County.

Under Mississippi law, parties who do not express an intent to create an estate in joint tenancy or entirety with the right of survivorship are held to be tenants in common. *See* Miss. Code Ann. § 89-1-7. In the present case, defendant Hamer and Alice Elizabeth Hamer-Sanford acquired the subject property as tenants in common by virtue of the November 6, 1980 deed, and each had an undivided fee simple interest in the property without rights of survivorship. When Sanford's mother died on January 5, 2009, Sanford inherited an interest in the subject property pursuant to Miss. Code Ann. § 91-1-3, which states in pertinent part:

6

> When any person shall die seized of any estate of inheritance in lands, tenements, and hereditaments not devised,[3] the same shall descend to his or her children, and their descendants, in equal parts, the descendants of the deceased child or grandchild to take the share of the deceased parent in equal parts among them.

The court finds that Sanford owns an interest in the subject property and that Sanford's interest is a "right to property" under 26 U.S.C. § 6321. The court also finds that the United States may enforce its tax liens against defendant Sanford by foreclosure and sale of the subject property pursuant to 26 U.S.C. § 7403.

The court further finds that defendant Charles Hamer is not entitled to summary judgment. Section 7403(b) provides that "[a]ll persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto." It is uncontested that Mr. Hamer has an interest in the subject property, and the United States properly joined him as a party to this action. As the Government acknowledges, however, any order of sale must provide that the sale is free and clear of Mr. Hamer's interest in the property, and he will share in the proceeds of such sale. The court further notes that any sale will be subject to Mississippi's homestead exemption, if applicable.

Finally, while the court finds as a matter of law that the Government is entitled to foreclosure and sale of the subject property, the court refrains from expressly ordering the sale at this point, as the court is advised that the parties to this action are in the process of settlement negotiations. If the Government determines that a sale is necessary, it should so move the court at that time, not to exceed forty-five days from this date, as to the manner in which it desires to

---

[3]The defendants' Answer denies Paragraph 16 in the Complaint which states that Alice Elizabeth Hamer-Sanford died intestate, but the defendants have produced no will attributed to Hamer-Sanford, and, as mentioned, it is uncontested that no probate proceedings have been established.

proceed.  If neither party has advised the court of the status of the case within forty-five days, the court will order the sale of the subject property.

Conclusion

For the foregoing reasons, the court finds that the United States of America's Amended Motion for Summary Judgment is well taken and shall be granted.  The court further finds that defendant Charles Hamer's Motion for Summary Judgment is not well taken and shall be denied. A separate order in accord with this opinion shall issue this day.

This, the 1st day of August, 2012.

 /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**